Bergan, J.
(dissenting). On five different days, three in immediate sequence in one period, and two in sequence in another period, a Senior State Police Investigator observed the frame dwelling at 556 Lakeview Avenue in Orchard Park. In this period there were eight entrances into the premises by men described by the police investigator as known gamblers or book-makers.
One of these men entered the premises twice; two others each entered three times. One was described as a “ known gambler ’’who had been arrested for failing to have a gambler’s stamp; another was a “known bookmaker” on parole for robbery; another was a “known bookmaker ”. Six “large envelopes ” were carried into the premises, one by each of the two described men on each of the last three days of the observation. These observations were made during ‘ ‘ normal bookmaking hours ’ ’. There were two unlisted telephones in the premises.
All this seems to meet the test being laid down now in the opinion of the court that the evidence must be such that the Magistrate “ could reasonably find from the proof before him that there was a sufficient showing of probable cause for the issuance ” of a warrant.
These observations shown in the application for the search warrant must be viewed together. They reveal repeated consort of known gamblers in the premises. They show access which follows a systematic pattern, including the repeated carrying into the premises of large envelopes by the known gamblers. The existence of two unlisted telephones in the house, viewed in isolation, would usually have no significance, but in this context of usage of the premises it has significance. In total effect this proof could reasonably mean to a careful Magistrate that these premises were used as a regular office for book-making. To hold the warrant based on this affidavit invalid is to place unduly high barriers against reasonable searches under judicial control. The test is not “ absolute cause” but “probable cause” (People v. Marshall, 13 N Y *165 2d 28, 35). The affidavit on application for the warrant considered by the District Court of Appeal in People v. Perez (189 Cal. App. 2d 526) was in some respects similar to the one submitted to the Magistrate in this case.
The judgment of conviction should be affirmed.
Chief Judge Desmond and Judges Fuld and Van Voorhis concur with Judge Scileppi; Judge Bergan dissents in an opinion in which Judges Dye and Burke concur.
Judgment reversed, informations dismissed and fines remitted.